**ERIN E. BERRY, #7-6063**
**JACOB L. VOGT, #8-6891**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
eberry@hirstapplegate.com
jvogt@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CROSSED ARROWS SERVICES, LLC, a Wyoming limited liability company, d/b/a WYOMING REAL ESTATE SCHOOL,<br><br>Plaintiff,<br><br>vs.<br><br>THE CE SHOP, LLC, a Delaware limited liability company,<br><br>Defendant. | } | Civil No. ______________________ |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Crossed Arrows Services, LLC, doing business as the Wyoming Real Estate School ("WRES" or "Plaintiff"), by and through its undersigned counsel, Hirst Applegate, LLP, files this Complaint against Defendant The CE Shop, LLC ("The CE Shop" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for trade name infringement and unfair competition under the common law of the State of Wyoming.

2. For years, Plaintiff has offered real estate licensing courses to Wyoming students under the name the "Wyoming Real Estate School" (the "WRES Mark"). Defendant, a Colorado-based national online real estate education company, and Plaintiff's direct competitor, previously contracted with Plaintiff's principal, Rob Shank, as both a marketing affiliate and an independent contractor to review Defendant's coursework. Shortly after that engagement, Defendant began advertising its competing Wyoming real estate courses on Google under the verbatim headline "Wyoming Real Estate School." For example, when an individual searches for the Wyoming Real Estate School, Defendant's website appears with the hyperlink entitled "Wyoming Real Estate School."

3. Defendant's use of Plaintiff's identical name to market identical services to the same Wyoming students is likely to cause, and has caused, confusion as to the source, affiliation, and sponsorship of Defendant's courses, and it diverts to Defendant the goodwill Plaintiff has spent nearly a decade building. Plaintiff seeks injunctive relief, damages, Defendant's profits, and all other relief available under federal and Wyoming law.

**PARTIES**

4. Plaintiff Crossed Arrows Services, LLC is a Wyoming limited liability company with its principal place of business in Cheyenne, Wyoming, that provides real estate education courses for prospective Wyoming realtors. Plaintiff does business as the Wyoming Real Estate School. In 2019, Plaintiff registered Wyoming Real Estate School as its official trade name with the Wyoming Secretary of State. The State of Wyoming also recently approved the Wyoming Real Estate School's trademark of its name.

5. Defendant The CE Shop, LLC is a Delaware limited liability company with its principal place of business at 5670 Greenwood Plaza Blvd., Suite 340, Greenwood Village,

Colorado 80111. Defendant's registered agent is Corporation Service Company, 1900 W. Littleton Blvd., Littleton, Colorado 80120.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's Lanham Act claim under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has supplemental jurisdiction over Plaintiff's common law trade name infringement and unfair competition claims, pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because those claims are joined with a substantial and related claim and arise from the same case or controversy as the Lanham Act claim.

8. This Court has personal jurisdiction over Defendant under Wyo. Stat. Ann. § 5-1-107(a) and the Due Process Clause. Defendant purposefully directed the conduct at issue at Wyoming: Defendant (1) is licensed by the Wyoming Department of Education to provide a real estate school for prospective Wyoming real estate students; (2) markets and sells real estate courses designed to satisfy Wyoming licensing requirements to Wyoming residents; (3) published infringing advertising to consumers searching for Wyoming real estate education; and (4) the injury arising from Defendant's conduct is suffered in Wyoming. Upon information and belief, Defendant also geo-targeted its infringing advertisement to Wyoming.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including the publication of the infringing advertising to Wyoming consumers and the resulting consumer confusion and injury to Plaintiff.

## FACTUAL ALLEGATIONS

**A. Plaintiff and the WYOMING REAL ESTATE SCHOOL Mark**

10. Plaintiff provides real estate education to individuals seeking to become licensed real estate agents and brokers in Wyoming. Plaintiff was the first school in Wyoming to offer online, self-paced real estate courses for prospective Wyoming real estate agents and has made a name for itself and developed goodwill given its status as the first-mover in the industry.

11. Starting in 2018, Plaintiff began providing its services under the name Wyoming Real Estate School. In 2019, that name was officially registered as a trade name with the Wyoming Secretary of State.

12. Since then, Plaintiff has continuously used the name Wyoming Real Estate School in commerce to identify its educational services and remains the preeminent online, self-paced real estate school in Wyoming.

13. Plaintiff has become well known among Wyoming real estate students and brokerages for the quality of its courses and for giving each student direct, one-on-one access to its instructors.

14. Plaintiff has advertised and promoted its services under the WRES Mark throughout Wyoming through its website, online postings, referrals, word of mouth, and other advertising.

15. Since adopting the WRES Mark, Plaintiff has enrolled approximately 2,291 students and generated over one million dollars in revenue from services offered under that name.

16. Through its long, continuous, and substantially exclusive use of the WRES Mark, the quality of its instruction, and Mr. Shank's individualized approach to real estate education, Plaintiff has developed substantial goodwill and a strong reputation among Wyoming real estate licensees, brokerages, and prospective students. Plaintiff is widely recognized as a leading real

estate school in Wyoming, and prospective students from across the country seek out Plaintiff's services based on its reputation.

17. As a result, prospective real estate students seeking licensing in Wyoming have come to associate the name Wyoming Real Estate School with a single source: Plaintiff. Further, the WRES Mark has come to represent Plaintiff's goodwill and reputation. The WRES Mark has therefore acquired secondary meaning and is distinctive.

**B. Defendant and Its Prior Relationship with Plaintiff**

18. Defendant is a national provider of online real estate education. Previously, Defendant sold only continuing education courses directed to Wyoming real estate agents to maintain their licensing. For many years, Plaintiff and Defendant provided complementary courses that did not compete with one another.

19. On or about March 17, 2022, Defendant and Plaintiff and/or Mr. Shank entered into a CE Shop Affiliate Agreement (the "Affiliate Agreement"), under which Mr. Shank promoted Defendant's continuing education courses.

20. On or about February 12, 2026, Defendant engaged Mr. Shank under an Independent Contractor Agreement (the "Contractor Agreement") to review Defendant's real estate coursework. Through that engagement, Defendant gained detailed knowledge of Plaintiff's business, its reputation, and the quality of its instruction.

21. Soon thereafter, Defendant began offering competing real estate licensing courses to prospective Wyoming real estate agents. Once these courses went live, Plaintiff and Defendant began competing for the exact same students, offering similar real estate licensing courses.

22. At all relevant times, Defendant knew that Plaintiff did business as the Wyoming Real Estate School and that the WRES Mark identified Plaintiff and its services.

**C. Defendant's Infringing Use of the WRES Mark**

23. Beginning in or around October 2026, shortly after Mr. Shank completed his work under the Contractor Agreement, Defendant began using the name "Wyoming Real Estate School" to advertise its competing Wyoming real estate courses.

24. Specifically, Defendant caused a Google search listing to display the headline "Wyoming Real Estate School," linking to Defendant's webpage at https://www.theceshop.com/wy-real-estate/school-online, and appearing as:




And




25. Defendant's headline uses the WRES Mark verbatim, in the position and format a Google listing uses to name the advertised business, and does not use the term merely to describe Defendant's services. A consumer searching for Plaintiff by name, i.e., the "Wyoming Real Estate School," is presented with a listing that identifies itself as the "Wyoming Real Estate School" and directs the consumer to Defendant's competing courses.

26. Plaintiff has never authorized Defendant to use the WRES Mark as a name for Defendant or for Defendant's courses, or to use the WRES Mark in Defendant's own advertising for its competing courses.

27. Defendant's services offered under the WRES Mark are identical to Plaintiff's services: they are online, self-paced Wyoming real estate courses, are offered to the same class of consumers: individuals seeking Wyoming real estate licenses, and are marketed through the same channels, specifically internet searches.

28. Defendant adopted and used the WRES Mark with full knowledge of Plaintiff's prior rights and with the intent to capitalize on Plaintiff's goodwill and reputation, to divert prospective students searching for Plaintiff to Defendant, and to cause consumers to believe that Defendant is, is affiliated with, or has acquired the Wyoming Real Estate School.

29. Defendant's conduct has caused actual confusion. Upon information and belief, prospective students have searched for the Wyoming Real Estate School only to find Defendant holding itself out as the Wyoming Real Estate School. Due to Defendant's practices, prospective students register for Defendant's school despite intending to register for the Wyoming Real Estate School.

30. Defendant's conduct is also likely to cause initial-interest confusion, in that prospective students seeking Plaintiff are lured to Defendant's competing courses by Defendant's use of Plaintiff's identical name, even if some of them later realize that Defendant is not Plaintiff.

31. On November 2, 2026, Plaintiff, through counsel, sent Defendant a written demand to cease and desist from using the WRES Mark, terminating the Affiliate Agreement and Contractor Agreement subject to their notice provisions, and requesting written confirmation by the close of business on November 10, 2026, that Defendant had stopped its unlawful actions.

Plaintiff sent a follow up email on November 13, 2026 with the same letter but has not received confirmation Defendant ceased its unlawful actions.

32. Defendant's conduct has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm, including loss of control over its reputation, loss of goodwill, diversion of prospective students, and lost revenue. Plaintiff has no adequate remedy at law.

33. Since Defendant started its deceptive practices, Plaintiff has lost tens of thousands of dollars in revenue and expects to continue losing similar revenue amounts in future months. Plaintiff has also lost approximately half of its expected student registrations for Plaintiff's real estate agent licensing courses over the last few months, based on previous months' averages.

## FIRST CLAIM FOR RELIEF

### False Advertising/Designation of Origin and Unfair Competition
### Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)

34. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

35. Section 43(a)(1)(A) of the Lanham Act imposes liability on any person who, in connection with goods or services, uses in commerce any word, term, name, symbol, or device, or any false designation of origin, that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A).

36. The WRES Mark is protectable, Defendant is using an identical mark in commerce, and Defendant's use is causing confusion among consumers.

**Protectable Mark**

37. The WRES Mark is a valid and protectable mark and trade name. To the extent the WRES Mark is geographically descriptive or descriptive, it has acquired distinctiveness through

secondary meaning as a result of Plaintiff's long, continuous, and substantially exclusive use, its advertising and promotion, its sales and student enrollment, its established place in the Wyoming real estate education market, and Defendant's intentional copying, as alleged above. It has become ***the*** real estate school in Wyoming based on the quality of education offered.

38. Plaintiff's use of the WRES Mark in commerce predates any use by Defendant by almost a decade.

**Use in Commerce**

39. Defendant used and is using the WRES Mark in commerce, without Plaintiff's consent, in connection with the advertising, offering, and sale of its real estate education services, including through internet search advertising directed to Wyoming consumers.

40. Defendant is currently marketing its courses on Google using the distinctive WRES Mark and holding itself out as the Wyoming Real Estate School.

**Likelihood of Confusion**

41. Defendant's use of the WRES Mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's services, and is currently doing so.

42. Defendant is currently titling the hyperlink to its website "Wyoming Real Estate School" despite Defendant having no legal right to do so.

43. Upon information and belief, prospective Wyoming real estate students are currently seeking out the Wyoming Real Estate School only to find Defendant's false advertising holding itself out as the Wyoming Real Estate School. Prospective students are inadvertently registering for Defendant's courses rather than the Wyoming Real Estate School.

44. The false and deceptive advertising has led to significant loss of revenue to Plaintiff, which occurred almost immediately upon Defendant improperly holding itself out as the Wyoming Real Estate School.

45. Defendant is currently using the exact same mark as Plaintiff to market its services.

46. Upon information and belief, and given the close timing between Mr. Shank's services to Defendant on Plaintiff's behalf and Defendant's adoption of the WRES Mark, Defendant recognized the value of the services Plaintiff provides and the goodwill it has created, and attempted to capitalize on that value and goodwill by intentionally adopting the WRES Mark.

47. The loss of revenue and enrollment decline to Plaintiff immediately upon Defendant's adoption of Plaintiff's mark is evidence of actual confusion.

48. Defendant is offering the same product as Plaintiff, i.e., real estate courses in Wyoming.

49. Upon information and belief, prospective students searching online for Wyoming real estate courses rely on the business name displayed in search results to make their enrollment decisions, and many do not realize the bait-and-switch tactic Defendant is using to enroll prospective students in its competing school.

50. The WRES Mark is commercially strong in the Wyoming market and has acquired secondary meaning.

51. Defendant's acts were willful, deliberate, and in bad faith, undertaken with knowledge of Plaintiff's prior rights and with intent to confuse consumers and trade on Plaintiff's goodwill.

52. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including lost revenue and lost students, in an amount to be proven at trial, and Defendant has been unjustly enriched by profits attributable to its infringing use.

53. Plaintiff is further at risk of losing the business in its entirety due to Defendant's deceptive practices.

54. Plaintiff is entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116(a), including the rebuttable presumption of irreparable harm provided by that section, preventing Defendant from advertising itself as Plaintiff, and to recover Defendant's profits, Plaintiff's damages, enhanced damages, and the costs of the action under 15 U.S.C. § 1117(a). Because Defendant's conduct was willful, this is an exceptional case warranting an award of reasonable attorney fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
## Common Law Trade Name Infringement

55. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

56. Wyoming recognizes a common law action for trade name infringement which protects a business's prior use of a trade name in commerce from a competing business wrongfully usurping that name.

57. In determining whether a trade name is entitled to protection and has been infringed, Wyoming courts consider (a) the character of the terms used in the trade name seeking protection; (b) the strength of that trade name; (c) the necessity for "secondary meaning" for geographic or descriptive trade names; and (d) the likelihood of confusion created by the challenged trade name.

**Prior Use in Commerce and Territory**

58. Plaintiff has used the trade name Wyoming Real Estate School in commerce in Wyoming continuously since at least 2018, long before Defendant's use of that name and long before Defendant began offering competing courses. Plaintiff's use is established throughout the State of Wyoming, which is the territory in which Defendant uses the name to solicit students.

59. The trade name, Wyoming Real Estate School, is a composite name and, given its historical use and quality of instruction, has acquired a secondary meaning of being the preeminent real estate school in Wyoming.

60. Prospective Wyoming real estate students know the quality of courses and education they will receive from the Wyoming Real Estate School compared to a large, national competitor. The WRES Mark has acquired secondary meaning. Among other things: (1) Wyoming students, licensees, and brokers associate the name Wyoming Real Estate School with Plaintiff; (2) the Wyoming Real Estate School offers targeted, Wyoming-specific, practical education that large, national competitors cannot provide; and (3) the Wyoming Real Estate School has long been the preeminent and most popular self-paced real estate school in Wyoming dating back to 2018. Since 2018, it has educated more than 2,290 students.

**Likelihood of Confusion**

61. Defendant's use of the WRES Mark is likely to cause confusion:

(1) The WRES Mark has acquired secondary meaning and is entitled to protection.

(2) Defendant is using a name identical to Plaintiff's.

(3) The parties offer the same services to the same students seeking Wyoming real estate licensing and compete directly.

(4) The parties occupy the same market.

(5) Consumers have actually been confused, as alleged above.

(6) Defendant adopted the WRES Mark verbatim, with knowledge of Plaintiff's business gained through its affiliate and contractor relationships with Plaintiff and Mr. Shank, and shortly after Mr. Shank reviewed Defendant's coursework.

(7) Plaintiff has no control over the quality of Defendant's courses, and Defendant's lower-quality product and services risk harming and have harmed Plaintiff's goodwill, which it has cultivated for nearly a decade.

(8) Prospective real estate students searching online are ordinary consumers who rely on the school name displayed in search results.

62. Defendant's conduct constitutes trade name infringement under Wyoming law.

63. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, and irreparable harm for which it has no adequate remedy at law. Plaintiff is entitled to injunctive relief and to damages.

## THIRD CLAIM FOR RELIEF

### Unfair Competition
### Wyoming Common Law

64. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

65. Wyoming recognizes a common law action for unfair competition arising from the misuse of another's trade name. Unfair competition offers broader protection than infringement rules, extending to the defendant's overall image and presentation.

66. For the reasons alleged in the First and Second Claims for Relief, the WRES Mark is protectable and Defendant's use of it is likely to cause confusion.

67. Defendant has also acted fraudulently, either express or constructive, by engaging in the following specific actions:

(a) Through the Affiliate Agreement beginning on or about March 17, 2022, and the Contractor Agreement beginning on or about February 12, 2026, Defendant learned of Plaintiff's business, its reputation, and its use of the name Wyoming Real Estate School;

(b) In or around August 2026, shortly after Mr. Shank reviewed Defendant's coursework, Defendant began publishing a Google listing that identified Defendant's Wyoming course offering by the headline "Wyoming Real Estate School," the exact name under which Plaintiff does business, and using the "Wyoming Real Estate School" hyperlink to misrepresent the entity offering the real estate coursework;

(c) Defendant did so knowing that prospective students searching for Plaintiff would encounter the listing, and intending that those students would believe the listing was Plaintiff's, or that Defendant was affiliated with or had acquired Plaintiff, and would enroll with Defendant instead;

(d) Defendant passed off its services as Plaintiff's and misappropriated the goodwill and reputation associated with Plaintiff's name; and

(e) Despite notification that Defendant was falsely advertising as Plaintiff's business, Defendant has continued to advertise as the Wyoming Real Estate School and continues to show its Google listings as the Wyoming Real Estate School.

68. Defendant's conduct constitutes unfair competition under Wyoming common law.

69. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, and irreparable harm for which it has no adequate remedy at law, given the potential loss of the business as a whole. Defendant's conduct was willful, wanton, and fraudulent, entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, and award the following relief:

A. A preliminary and permanent injunction enjoining Defendant, and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from using the name "Wyoming Real Estate School" as a name, headline, title, hyperlink, or phrase in connection with the advertising, promotion, offering, or sale of real estate education services, including in internet search advertising, website titles and metadata, subdomains, and social media;

B. An order requiring Defendant to remove or disable all advertising, listings, webpages, hyperlinks, and metadata using the WRES Mark;

C. An award of Defendant's profits attributable to its unlawful conduct, Plaintiff's actual damages, and the costs of the action under 15 U.S.C. § 1117(a), with damages enhanced up to three times the amount found as the Court deems just;

D. A finding that this is an exceptional case and an award of Plaintiff's reasonable attorney fees under 15 U.S.C. § 1117(a);

E. Compensatory damages on Plaintiff's state law claims in an amount to be proven at trial;

F. Punitive damages on Plaintiff's common law unfair competition claim;

G. Pre-judgment and post-judgment interest as allowed by law; and

H. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

DATED this 23rd day of November, 2026.

CROSSED ARROWS SERVICES, LLC, d/b/a
WYOMING REAL ESTATE SCHOOL,
Plaintiff

BY: *<u>/s/ Jacob L. Vogt</u>*

**ERIN E. BERRY, #7-6063**
**JACOB L. VOGT, #8-6891**
**HIRST APPLEGATE, LLP**
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
eberry@hirstapplegate.com
jvogt@hirstapplegate.com
Attorneys for Plaintiff